**Archie Raymond STREATOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23664.**

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1966.

Archie Raymond Streator, in pro. per.

Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

██ This petition under 28 U.S.C. § 2255 involves an appeal from a denial of a motion to vacate the sentence on the ground that appellant was mentally incompetent to stand trial and, because of this incompetency, his waiver of counsel and subsequent plea of guilty were not intelligently or voluntarily made. The motion was denied without a hearing, and the failure to hold a hearing is the principal issue involved. The requirement of a hearing on such a petition depends on whether or not the allegations are valid and substantial and cannot be resolved from the motion, the files and prior records. A hearing would be mandatory if sufficient facts were alleged to support a claim for relief unless the motion, files and records conclusively show that the claim is without merit. See Nelms v. United States, 4 Cir. 1963, 318 F.2d 150, and Floyd v. United States, 5 Cir. 1966, 365 F.2d 368 (decided September 2, 1966).

Appellant's motion fails to allege any facts sufficient to indicate mental incompetence at the time of arraignment and sentencing. The trial judge who imposed the sentence was fully aware of the personal and criminal history of appellant and rendered his decision after carefully studying the transcripts of proceedings at arraignment and sentencing as well as the presentence report and file of the probation officer. The trial judge said:

"Petitioner was extensively questioned about whether he desired counsel, about the facts of the crimes, and about the voluntariness and his understanding of the guilty pleas. Unlike the case of Johnson v. United States, 5 Cir. 1965, 344 F.2d 401, nothing appears in the record that would raise the slightest doubt of petitioner's mental competency."

██ There is nothing in the record before us, or that was before the district judge, that would indicate any doubt about appellant's mental competency. We believe the district judge carefully considered the matter, and that the petition is devoid of merit.

Affirmed.