440 P.2d 803

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joseph L. GUY, Jr., Defendant-Appellant.**

**No. 107.**

Court of Appeals of New Mexico.

April 19, 1968.

Thomas M. Thompson, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

In his motion for post-conviction relief, defendant alleged that he was "legally insane" at the time he pleaded guilty. The trial court denied the motion without a hearing. Defendant's appeal raises the following issues: (1) Is competency to plead an issue cognizable under § 21–1–1(93), N.M.S.A. 1953 (Supp.1967)? (2) Did defendant's motion raise the issue? (3) Do

**130**

the files and records conclusively show that defendant is not entitled to relief?

*Competency to Plead as an Issue under § 21-1-1(93), N.M.S.A. 1953 (Supp.1967).*

 The conviction of an accused person while he is legally incompetent violates due process of law. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Thursby v. State, 223 A.2d 61 (Me.1966). Section 21-1-1(93), N.M.S.A. 1953 (Supp.1967), was adopted from 28 U.S.C.A. § 2255. The interpretation placed on that section by the federal courts is persuasive as to the meaning of our rule. State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967). The due process question of mental competency to plead may be raised by motion for post-conviction relief under § 2255. It may also be raised under § 21-1-1(93), N.M.S.A.1953 (Supp.1967). See Nunley v. Taylor, 330 F.2d 611 (10th Cir. 1964); Taylor v. United States, 282 F.2d 16 (8th Cir.1960).

Although the issue may be raised in a post-conviction motion, is consideration of that issue waived because of failure to present the issue at the time of the plea?

> Taylor v. United States, supra, states: "* * * [I]f one is mentally incompetent, then, by definition, he cannot be expected to raise that contention before the trial court and thus cannot be prejudiced by his failure to do so."

> Pate v. Robinson, supra, states:

> "* * * [I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial. * * * *"

 At the time of the plea, neither defendant nor his counsel suggested that defendant was mentally incompetent to plead. This failure, in and of itself, does not bar relief in a post-conviction proceeding. Thursby v. State, supra; State v. Jensen, 278 Minn. 212, 153 N.W.2d 339 (1967); Krause v. Fogliani, Nev., 421 P.2d 949 (1966).

*Did Defendant's Motion Raise the Issue of Mental Incompetency to Plead?*

 A claimant for post-conviction relief must allege some specific factual basis for the relief sought. Vague conclusional charges are insufficient. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). A motion is insufficient if it fails to allege facts indicating mental incompetence at the time of arraignment and sentencing. Streator v. United States, 367 F.2d 384 (5th Cir.1966). For example, an allegation of a history of narcotics addition is a conclusion, and without more, is an insufficient factual allegation. Williams v. United States, 367 F.2d 143 (5th Cir.1966). See Thursby v. State, supra.

 Contemporaneous with his motion, defendant filed a "brief" setting forth what he would "prove." The "brief" asserts that defendant was committed to the State Hospital in Las Vegas from an institution in 1962 and 1963, that he was committed to the State Hospital by the District Court in 1962, that he had attempted suicide four or five times; that he had been interviewed by a doctor and had received shock treatments. Defendant identified specific persons and records, asked that these persons and records be "summoned" to court, and asserted that these persons and records would show his claim to be "true and factual."

We cannot tell whether the above factual allegations pertain to a time prior to his plea, or occurred after he was committed to the penitentiary in July 1962. Still, the allegations of post-conviction confinement in a mental institution in 1962 and early 1963 are sufficiently close to the date of his plea to raise a factual issue concerning his mental competency to plead. Floyd v. United States, 365 F.2d 368 (5th Cir. 1966); Taylor v. United States, supra.

*A Conclusive Showing from the Files and Records.*

 Even though the motion for relief alleges a factual basis concerning an alleged mental incompetency to plead, a hearing on the motion is not required if

the motion, files and records conclusively show that the petitioner is not entitled to relief. Section 21–1–1(93), N.M.S.A.1953 (Supp.1967). Thus, a hearing is not required where the files and records show that the issue of competency has previously been determined. Lee v. State of Alabama, 373 F.2d 82 (5th Cir. 1967); Thursby v. State, supra; compare Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920 (1966).

In this case the trial court determined that the motion, files and records conclusively show that defendant was not entitled to relief.

The State relies on two items as supporting this determination. One is an unchallenged finding of the trial court. The trial court found that at the time defendant pleaded guilty he intelligently answered all of the questions propounded to him by the court and no question as to defendant's ability to intelligently enter a plea was raised. The second is the record of the proceedings before the justice of the peace. At that proceeding the defendant answered various questions and, at that time, declined to be represented by counsel.

Pate v. Robinson, supra, states:

"* * * The Supreme Court of Illinois held that the evidence here was not sufficient to require a hearing in light of the mental alertness and understanding displayed in Robinson's 'colloquies' with the trial judge. * * * While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue. * * * "

See Hansford v. United States, supra.

 Since defendant's factual claim is based on commitments to the State Hospital and suicide attempts, his demeanor before the justice of the peace and the trial court does not conclusively establish that he was not entitled to relief.

The record contains the findings and evaluation of a physician who examined defendant in December 1963. The plea oc-

curred in July 1962. The physician's report was not a part of the files and records of the original proceeding. It could not serve as a basis for denying defendant a hearing upon his motion. Taylor v. United States, supra.

At the time defendant entered his plea, his attorney suggested that defendant be given psychiatric and medical care. The trial court, in its judgment, recommended that defendant be given such care. In Praylow v. United States, 298 F.2d 792 (5th Cir.1962), a similar recommendation by the trial court, accompanied by meager factual allegations, was held sufficient to require a hearing.

The order denying the motion is reversed. The cause is remanded with instructions to grant defendant a hearing on the question of his mental competency to enter a plea of guilty.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.