454 P.2d 279

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**David Aaron BAREFIELD, Defendant-Appellant.**

**No. 287.**

Court of Appeals of New Mexico.

April 18, 1969.

266

Walter F. Wolf, Jr., Gallup, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Justin Reid, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's second motion for post-conviction relief under § 21–1–1(93), N.M.

S.A. 1953 (Supp.1967) was denied without a hearing. Defendant contends the trial court erred in: (1) not holding a hearing on the question of his competency to plead, (2) not holding a hearing on the question of a coerced plea and (3) not appointing counsel to represent defendant in connection with the second motion.

Defendant pled guilty to second degree murder. Subsequently, he filed a motion for post-conviction relief. A hearing was held. The trial court entered its findings of fact and conclusions of law and denied the motion. Defendant filed a notice of appeal from this decision and a request for appointment of counsel in connection with the appeal. Counsel was not appointed and the appeal was not perfected.

Some months later defendant filed his second motion for post-conviction relief. This appeal concerns the denial of this second motion.

*Hearing on claim of incompetency to plead.*

Defendant's second motion raised the issue of his competency to plead guilty. This question had not been previously raised. Accordingly, the question was properly before the court in the second post-conviction proceeding. State v. Cliett, 79 N.M. 719, 449 P.2d 89 (Ct.App.1968); State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

Defendant must allege a specific factual basis for the relief sought. State v. Cliett, supra. The motion is insufficient if it fails to allege facts indicating mental incompetence at the time of the plea. State v. Guy, supra. In his motion, defendant alleges that the trial court:

"* * * started to question Defendant on his plea of not guilty by reason of insanity yet really took no cognizance of your Defendants [sic] answers or he would have seen that your Defendant was not sure of himself in any of his answers to the Court. * * *"

Thus, the only factual allegation is that defendant was not sure of himself in an-

swering the questions of the Court. Such is far different from the specific allegations considered in State v. Cliett, supra and State v. Guy, supra. Compare Hoffman v. State, 79 N.M. 186, 441 P.2d 226 (Ct.App.1968). This factual allegation did not present an issue as to defendant's competency to plead.

Further, the record in the case conclusively refutes the claim that defendant was "not sure of himself in any of his answers." Upon questioning by the court, defendant stated that he wished to change his plea, that he understood the possible penalty and that this penalty could be imposed if the guilty plea was accepted. Defendant stated that he knew he had the right to trial by jury; that no promises had been made to induce the guilty plea; that he had not been threatened; that he was satisfied with the representation by his counsel; that his plea was voluntary; and, that he admitted the killing.

In its questioning, the trial court referred to the defense of not guilty by reason of insanity. Both the State and the defense had defendant examined in connection with this defense. According to the record, the reports from these examinations indicated that defendant had mental problems, possibly psychiatric problems, but that he was not insane. Compare State v. Velasquez, 76 N.M. 49, 412 P.2d 4 (1966), cert. denied 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 95 (1966); State v. Lucero, 78 N.M. 659, 436 P.2d 519 (Ct.App.1968).

The trial court then asked defendant concerning his understanding of the proceedings, his knowledge of what was happening and if he felt he had any mental problems. The defendant answered: "No, I understand it, I understand it."

■ The claim asserted in the motion did not raise an issue concerning competency to plead; further, the record conclusively refutes the allegation made in support of his claim. The trial court was not required to conduct a hearing on this claim. See State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968).

*Hearing on claim of coerced plea.*

In response to one of the court's questions, defendant stated: "I'm supposed to plead guilty." On the basis of this statement, defendant contends that he should have had an evidentiary hearing to determine whether his guilty plea was coerced.

The statement relied on is taken out of context. Its context follows:

"The Court: * * * let me inquire, Mr. Barefield, is it your feeling here that you are unable to understand what we're doing here and you know what's happening to you—

"Mr. Barefield: I'm supposed to plead guilty.

"The Court: Well, I don't know whether you're supposed to or not. Is it your wish to? That's what I wanted to know.

"Mr. Barefield: Yeah, that's my wish."

■ The statement, placed in context, and the questioning by the court previously referred to, conclusively show there is no basis for the claim of a coerced plea. The trial court did not err in refusing to hold a hearing on this claim.

*Failure to appoint counsel.*

As a part of the second motion, defendant asked that an attorney be appointed " * * * to help formulate his cause." Defendant asserts that if counsel had been appointed, " * * * counsel would have upon examination of the files and records brought to the Court's attention the failure to provide assistance to the Defendant in his prior appeal. * * *" This is a reference to the unperfected appeal from denial of the first motion for post-conviction relief and the failure to appoint counsel in connection with that appeal. Defendant relies on State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969).

■■ *Gorton* is not applicable. It was concerned with a claim that defendant had

been denied an appeal from his conviction and defendant's right, in a post-conviction proceeding, to a hearing on that claim. Here we are concerned with a failure to appoint counsel to represent defendant in connection with his second post-conviction motion. Counsel is not required to be appointed until a factual basis is alleged which raises a substantial issue. Section 21–1–1(93), supra; State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967). The second motion raised no substantial issue. The trial court did not err in failing to appoint counsel to represent defendant in connection with the second motion.

This holding does not mean that defendant has lost his appeal from denial of his first motion for post-conviction relief. The issues raised in the first motion differ from those presented in the second motion. Defendant's appeal from denial of the first motion was timely. Counsel may still be appointed and the appeal in connection with the first motion may still be perfected.

The order denying the second motion for post-conviction relief is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.