457 P.2d 1001

STATE of New Mexico, Plaintiff-Appellee,

v.

Richard BOTELLO and Dulcie Botello, Defendants-Appellants.

No. 321.

Court of Appeals of New Mexico.

Aug. 1, 1969.

Turner W. Branch, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Ethan K. Stevens, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

Defendants have taken this appeal from the denial of their motion filed under Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp. 1967)]. The trial court granted a hearing on the motion. After the presentation of evidence by both sides, the motion was denied. Defendants were returned to the New Mexico State Penitentiary, where they have been confined since the imposition of sentences on March 3, 1967, upon their convictions of burglary pursuant to the

entry of their pleas of guilty on February 23, 1967.

At the sentencing proceedings, counsel for defendants stated they were narcotics addicts, and, in his opinion, defendants' difficulties arose from their addiction. Mr. Botello advised the court that he was in trouble "because of narcotics." Mrs. Botello stated she "would like some treatment," and she thought that was all she needed. The court observed that the pre-sentence report disclosed defendants were addicts.

At the time of the entry of their pleas of guilty, they had been confined in the county jail for approximately eighteen days. Mr. Botello stated in his testimony, offered at the hearing on his Rule 93 motion, that at the time of the entry of his plea he was "having withdrawal symptoms" and was sick. He also stated he was suffering from withdrawal symptoms when sentenced on March 3, 1967. Mrs. Botello testified she was sick when sentenced.

The same trial judge accepted the pleas, sentenced defendants, and heard the evidence on their motion under Rule 93. In his opinion defendants were not suffering from withdrawal symptoms at either the time of pleading or at the time of sentencing.

In their Rule 93 motion, which was denied, defendants claimed they were never advised of their rights by the arresting officers; that they entered pleas of guilty on the basis of promises made to them by their attorney; that they were not guilty of burglary; that they were illegally bound over to the district court on the burglary charge, since the evidence showed they were guilty only of possession of stolen property; that they were inadequately represented by counsel; and that by reason of their drug addiction they were incompetent to enter a plea.

They failed to offer evidence at the hearing in support of most of their claims, and they failed to establish any of them to the satisfaction of the trial court. The position they take in this court is that they were legally insane at the time of the commission of the offense and at the time of the entry of their guilty pleas. They base their position entirely on the fact that they were drug addicts. They would have us hold drug addiction is a form of legal insanity within the limited extension of the McNaughten rule recognized by our Supreme Court in State v. White, 58 N.M. 324, 270 P.2d 727 (1954), and would have us extend the rule announced in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) to include acts committed in obtaining narcotics. Thus, they would have us hold that drug addicts, who have been convicted of a criminal offense committed for the claimed purpose of obtaining drugs or funds with which to purchase drugs, need only show their addiction to establish their insanity at the time of the commission of the offense and at the time of trial, or at the time of entry of a guilty plea. Upon having made this showing, they contend the setting aside of any criminal sentence imposed is required as being an imposition of cruel and unusual punishment, or, at least, the showing is sufficient to raise the question of their sanity so as to compel the granting of a new trial, at which they may then assert a defense of insanity.

Unless we are prepared to say as a matter of law that drug addiction amounts to legal insanity and that offenses committed by addicts to support their drug habit cannot be criminal, or that a mere allegation of drug addiction is at least sufficient to compel a full inquiry into the question of their sanity, we must affirm the trial court's denial of the post-conviction motion.

█ Insanity is a question of fact to be decided by the trier of the facts. State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1 (1936). Upon the entry of a plea of guilty, no question is normally raised as to defendant's sanity at the time of the commission of the offense.

█ In the present case the trial court granted defendants a hearing on their motion. At this hearing the burden was on

defendants to establish their claims. The failure of proof to establish a claim requires the denial of that claim. State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967). No evidence was offered at the hearing to establish the insanity of defendants at the time of the commission of the offense, other than their claim of drug addiction at that time. We do not equate drug addiction with insanity as a matter of law. An allegation of narcotics addiction in a Rule 93 motion, without more, is insufficient to raise a question as to defendant's sanity at the time of the offense. State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968). Thus, their contention of insanity at the time of the commission of the offense must fail.

The only evidence offered, as to their mental states at the time of the entry of their pleas, was their own testimony that they were suffering withdrawal symptoms, that they were ill, and that they did not fully understand or recall all that transpired at the plea proceedings. However, other testimony and legitimate inferences therefrom raised a conflict in the evidence as to whether, in fact, they were suffering from withdrawal symptoms. The trial court found as a fact that they were not suffering from withdrawal symptoms and that they were mentally competent at the time of their plea. These findings are not challenged. Accordingly, there is no factual basis for the claim of insanity at the time of their plea.

Proceedings under Rule 93 are civil. State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967). The burden of establishing the charges set forth in a motion under Rule 93 rests upon the defendant. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968); State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967). Defendants failed in this burden, and we are of the opinion that the action of the trial court in denying the motion is supported by the record.

The order denying defendants' motion is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.