461 P.2d 157

STATE of New Mexico, Plaintiff-Appellee

v.

Doyle William SMITH, Defendant-Appellant.

No. 358.

Court of Appeals of New Mexico.

Oct. 31, 1969.

Eugene E. Brockman, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

## OPINION

OMAN, Judge.

Defendant was convicted and sentenced to imprisonment for armed robbery upon his plea of guilty. His motion for post-conviction relief under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1969)] was denied after hearing thereon. He now appeals from the judgment denying his motion.

He relies upon two points for reversal. Under his first point he claims the trial court erred in not granting his request for a psychiatric examination for the purpose of determining whether or not he was able to understand that he was waiving his right to be represented by counsel.

In his original Motion to Vacate Judgment and Sentence, which he prepared, no claim whatever was made that he was incapable by reason of mental incompetency of understandingly, knowingly and intelligently waiving his right to counsel. His claims were that (1) his plea of guilty was "illegal and unconstitutional" because it had been "induced by a promise of lenience by the District Attorney," and (2) he "had not been sufficiently apprised, nor was he aware of his own knowledge, of the constitutional rights he allegedly understandingly, knowingly and intelligently waived." His attorney subsequently filed on his behalf a supplemental motion in which it was stated: "That at the arraignment wherein the" defendant had "pleaded guilty, it was brought to the court's attention that" defendant "had on an occasion been committed to a state mental hospital."

This is not a claim of incompetency at the time of arraignment, or at any other time. Even if it could properly be construed as an allegation of incompetency, it amounts to no more than a mere conclusion based on a claimed prior commitment to a state mental hospital, for some indefinite period, and for some unidentified condition. No sufficient factual basis is alleged to raise an issue of incompetency.

See State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969); State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968). Compare State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969); State v. Cliett, 79 N.M. 719, 449 P.2d 89 (Ct.App.1968); Hoffman v. State, 79 N.M. 186, 441 P.2d 226 (Ct.App.1968).

Defendant's position is not improved by the record of the arraignment proceedings or the testimony he offered at the hearing on his motion.

He was questioned at great length by the trial court at the arraignment proceedings

relative to his having been advised and his understanding of the extent and nature of his constitutional rights. His responses to the questions clearly show that he had been advised of his rights on several occasions, and that he fully understood these rights. He was asked by the court if he had "* * ever been examined with reference to [his] mental condition," and he answered that he had been so examined by a psychiatrist in Sioux Falls, South Dakota. He stated he was then sent to a hospital at Yankton, South Dakota on October 23, 1967. He was observed closely for a week and thereafter he "* * * worked with the patients almost like an attendant * * *." He was dismissed from the hospital on January 4, 1968. Insofar as he knows, he was never adjudged insane or mentally ill.

At the hearing on his motion he testified: "Yes, I had shoplifted something to sell to pay off a bill with and when I told my wife about it, why, she told the judge and had me court committed."

The commitment was for the purpose of determining whether or not he was a kleptomaniac. He had discussions with a doctor on a half dozen occasions while at the hospital. Upon his release he went to work as a nurses' aid at a hospital in Sioux Falls. He was told to go to the Sioux Falls Mental Health Center whenever anything disturbed him or he "* * * wanted to talk to anybody."

There is nothing in the record to indicate he at any time went to the Sioux Falls Mental Health Center; that he ever at any time suffered from a psychotic condition or was insane; or that he was suffering, or even claims to have been suffering, from mental incompetency at the time of the commission of the offense or at the time he entered his plea of guilty.

■ Section 41–13–3.1, N.M.S.A.1953 (Repl.Vol. 6, Supp.1969), provides that there must be a "question" as to the mental competency of a defendant to stand trial, before the court is required to suspend proceedings in the cause until the issue as to defendant's competency is determined. The

mental examination required by § 41–13–3.2, N.M.S.A.1953 (Repl.Vol. 6, Supp.1969) depends upon a "question" as to mental competency first being raised. A "question" on the issue of mental competency is raised only upon a showing of reasonable cause to believe that the defendant is not competent to stand trial. State v. Hovey, supra.

■ The allegations in the supplemental motion, which are quoted above, together with defendant's statements and testimony relative to his psychiatric examination and hospitalization over a year prior to the date of the commission of the armed robbery, are not sufficient to constitute a showing of reasonable cause to believe he was not competent to waive counsel or to enter a voluntary plea of guilty on January 17, 1969 to the armed robbery which he had committed on January 15, 1969. Compare State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct.App.1969); State v. Hovey, supra; State v. Barefield, supra; State v. Cliett, supra; Hoffman v. State, supra; State v. Guy, supra.

Defendant's second point is that he "* * was misled by a person in an official capacity concerning the time in which he would be eligible for a parole so that his plea of guilty and waiver of counsel were not voluntary."

As above stated, in his motion he claimed his plea had been induced by a promise of leniency made by the District Attorney. The trial court permitted an oral amendment to this claim so as to include the sheriff and a deputy sheriff.

Defendant's testimony failed to support his claims as to promises made by the District Attorney and sheriff, and he makes no claim before us that either of them is the person who misled him. He does contend the deputy sheriff "* * * told him that if he were convicted or pleaded guilty he would be eligible for an appearance before the parole board in eight months * * *."

We fail to understand how he could have been induced to plead guilty by this statement, even if it were made. The statement

suggests no advantage to be gained from pleading guilty.

■ However, the deputy sheriff testified at the hearing and denied having made the statement. The trial court believed the deputy sheriff and made a finding accordingly. It was for the trial court and not us to pass upon the credibility of the witnesses and the weight to be given their testimony.

State v. Baughman, 79 N.M. 442, 444 P.2d 769 (Ct.App.1968). Defendant had the burden of establishing his claim. State v. Botello, supra. In this he failed.

The judgment denying his motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.