474 P.2d 718

STATE of New Mexico, Plaintiff-Appellee,

v.

Floyd Douglas MAPLES, Defendant-Appellant.

No. 496.

Court of Appeals of New Mexico.

Sept. 11, 1970.

Dwight D. Arthur, Deming, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for appellee.

## OPINION

OMAN, Judge.

Defendant's motion for relief under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp. 1969)] was denied without a hearing, and he appeals. We affirm.

As grounds for the motion, which defendant apparently prepared, it is alleged:

"1. Petitioner was sentenced without the aid or advice of counsel at any time during the court proceedings.

"2. Petitioner was not capable of intelligently waiving rights to counsel or representing himself. In that:

The above named petitioner had not progressed beyond the eight year of school. Petitioner was 20 year of age at this time and completely uninformed as to court proceedings or rights and safeguard guaranteed by the Constitution of the United States. Petitioner had been discharged from the United States Army for Mental Incompetency."

Notice of appeal from the order denying the motion was filed on October 29, 1969. Thereafter an attorney was appointed to represent defendant on the appeal. A motion for rehearing was filed on December 10, 1969, by which defendant sought to have his Rule 93 motion reconsidered on the ground that it "* * * raises factual issues as to the defendant's capacity to stand trial and his mental competency which require a hearing upon such issues."

The court denied the motion for rehearing after considering the arguments of counsel thereon.

■ Defendant now claims error in the denial of his motion for rehearing. The order denying the Rule 93 motion was final and appealable. Rule 93(e), [§ 21–1–1(93) (e), N.M.S.A.1953 (Supp.1969)]. Upon the filing of the notice of appeal from the order, the trial court lost jurisdiction of the case, except for purposes of perfecting the appeal to this court. Section 21–2–2; N.M.S.A.1953 (Supp.1969); Sup.Ct. Rule 5(5), [§ 21–2–1(5) (5), N.M.S.A.1953 (Supp.1969)]; Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967); Mirabal v. Robert E. McKee, General Contractors, Inc., 74 N.M. 455, 394 P.2d 851 (1964); National American Life Insurance Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963); State v. White, 71 N.M. 342, 378 P.2d 379 (1962). Thus, the court could not have erred by denying the motion for rehearing.

■ However, the court's order denying the Rule 93 motion without a hearing necessarily included a ruling that the files and records of the case conclusively show there is no factual issue presented by the motion upon which a hearing is required. Rule 93(b), [§ 21–1–1(93) (b), N.M.S.A.1953 (Supp.1969)]. This ruling is reviewable on appeal. State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968); State v. Byrd, 79 N.M. 13, 439 P.2d 230 (1968); State v. Cliett, 79 N.M. 719, 449 P.2d 89 (Ct.App.1968).

Defendant asserts he had a right to be represented by counsel at every stage of the proceedings leading to his conviction, and this right remained with him until intelligently, understandingly and competently waived by him. With these assertions we agree. However, we do not agree with his contention that he could not possibly have "knowingly" and "understandingly" waived his right to counsel because of his age, education, mental condition and lack of experience in court procedures.

Complaints were filed against defendant in a Justice of the Peace court charging him with the crimes of (1) unlawful taking of a motor vehicle, contrary to § 64–9–4, N.M.S.A.1953, (2) burglary, contrary to § 40A–16–3, N.M.S.A.1953 (Repl. 6), and (3) robbery armed with a weapon, contrary to § 40A–16–2, N.M.S.A.1953 (Repl. 6). On March 15, 1966, he appeared in the Justice of the Peace court. The complaints were read and the penalties for the different offenses explained to him. He was advised of his right to counsel; that he might call or have word sent to any attorney he wished; and that an attorney would be appointed to represent him if he so desired and was financially unable to retain one. After being so informed and advised, he voluntarily signed a waiver of counsel.

Defendant was also informed by the Justice of the Peace as to his rights to a preliminary hearing; against self-incrimination; to remain silent; to have witnesses called on his behalf; to cross-examine the State's witnesses; to a continuance of the preliminary hearing if necessary so as to arrange for the presence of witnesses or counsel; to be released on bond; the fact that any statement he might make could be used against him; and the fact that he could waive preliminary hearing if he so desired.

He advised the Justice of the Peace that he was twenty years of age; had completed 11 years of elementary and high school; his regular employment was that of mechanic; and he had a " * * * good and complete understanding of the English language and [was] able to speak, read and write * * *" it. He waived the preliminary hearing, and pleaded guilty to the charges.

Defendant was then bound over to the district court and was informed against for the alleged offenses. He appeared before the district court for arraignment on April 5, 1966. His appearance before the Justice of the Peace and his actions taken at that time were discussed with him step by step. He stated he understood he had waived his rights to a preliminary hearing and to counsel, and it is apparent from the responses he made to questions by the court that he did understand these rights and that he had waived them. The charges were again read to him and he was advised as to the penalties which could be imposed for conviction of each charge. He stated he understood both the nature of the charges and the possible penalties. He was again advised of his right to counsel, and he again stated he did not want a lawyer and wished the court to proceed with the arraignment.

He was advised of his right to a jury trial, of the presumption of his innocence, of his right to plead not guilty, or stand mute, if he so chose, and of his right to put the State to the burden of proving his guilt. He was questioned as to his educational background, his physical and mental health, and as to whether his pleas would be free and voluntary. Not until the court had satisfied itself that defendant understood the nature of the charges and the possible penalties, and had knowingly, voluntarily and understandingly waived his rights to a preliminary hearing and to counsel in the Justice of the Peace court, and to a jury trial and counsel in the district court, did the court proceed to take a plea on each of the charges. Before finally accepting the pleas of guilty, the court asked the District Attorney to relate what defendant had done which constituted the violations with which he was charged. Defendant heard the statement by the District Attorney, agreed the described acts and

conduct on his part, as related by the District Attorney, were substantially correct, and admitted he had committed the offenses. Before being sentenced, defendant told of a prior conviction of burglary in Missouri.

 Nothing in the record suggests a lack of knowledge or understanding on defendant's part of his rights, or that he was not acting voluntarily when waiving his rights to a preliminary hearing and to counsel, and when entering his guilty pleas. The fact he was twenty years of age, had either an eighth or an eleventh grade education, was a mechanic, and was not trained in court procedures, presents no issue upon his ability to understand and appreciate what he had done, or upon his capacity to knowingly, intelligently and understandingly waive his rights, which had been so fully explained to him and which he had so consistently stated he understood. Compare State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App.1968); State v. Martin, 80 N.M. 531, 458 P.2d 606 (Ct.App.1969).

There is no claim defendant was suffering from mental incompetency when he waived his rights and entered his guilty pleas. His claim is he had at some time "* * * been discharged from the United States Army for mental incompetency. * * *" At most this is a mere suggestion or conclusion of mental incompetency at the times of his waivers and pleas, and it is based upon a claimed prior discharge from the Army for incompetency. This suggestion or conclusion is not sufficient to raise an issue requiring a hearing thereon. State v. Smith, 80 N.M. 742, 461 P.2d 157 (Ct. App.1969); State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969); State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App. 1968).

The order denying the motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.