David Aaron BAREFIELD, Petitioner-Appellant,

v.

STATE OF NEW MEXICO, Respondent-Appellee.

No. 189-70.

United States Court of Appeals, Tenth Circuit.

Nov. 13, 1970.

Certiorari Denied March 8, 1971.

See 91 S.Ct. 969.

Stanley G. Andeel, Wichita, Kan., for petitioner-appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen., State of N. M., with him on the brief)., for appellee.

Before HILL and SETH, Circuit Judges, and THEIS, District Judge.

## PER CURIAM.

This is an appeal from denial of a habeas corpus petition filed by a prisoner in the New Mexico State Penitentiary. No hearing was held in the United States District Court for the District of New Mexico.

Petitioner is serving a sentence of ten to fifty years entered on his plea of guilty in 1966 to a charge of second degree murder. This sentence was challenged by two different motions under the State postconviction procedure [N. M.S.A. § 21–1–1(93)]. A hearing was held on the first of these motions and a notice of appeal was filed following its denial. This appeal is apparently still pending. The second motion was denied without a hearing and, on appeal, the denial was affirmed. State v. Barefield, 80 N.M. 265, 454 P.2d 279 (N.M.App. 1969).

In his habeas corpus petition filed in the federal court petitioner alleges that he was not competent to plead guilty and that there should have been a hearing on this question in the second New Mexico Rule 93 proceeding. This ground, that petitioner was not competent to plead guilty, was apparently not mentioned in the first Rule 93 motion, for on the appeal from denial of the *second* Rule 93 motion the New Mexico Court of Appeals noted (at 454 P.2d 280):

"Defendant's second motion raised the issue of his competency to plead guilty. This question had not been previously raised. Accordingly, the question was properly before the court in the second post-conviction proceeding."

So saying, the New Mexico Court of Appeals at 454 P.2d 281 proceeded to hold that:

"The claim asserted in the [second] motion did not raise an issue concerning competency to plead; further, the record conclusively refutes the allegation made in support of his claim."

■ When the instant habeas corpus petition came before the United States District Court for the District of New Mexico, petitioner produced a psychiatric report dated April 29, 1966, which was one week before the plea of guilty. This report raised some doubt as to petitioner's competency to plead guilty. In view of that report the United States District Judge ordered a ninety-day stay of proceedings to permit the sentencing court to "take appropriate action on the competency issue." Pursuant to that order a hearing was held in the District Court of McKinley County, State of New Mexico, in which the question of petitioner's competency at the time of pleading was fully explored. The hearing on this habeas corpus petition was thereafter resumed and the petition denied on the ground that the State sentencing court had concluded, after the above mentioned hearing, that petitioner was competent to plead guilty on May 5, 1966. Alternatively, the United States District Court concluded that the petitioner had not exhausted State remedies, since his appeal of the first Rule 93 motion is still pending. We think, however, that petitioner has exhausted his State remedies with respect to the question of competency to plead. The affirmance of the denial of his second Rule 93 motion, the only motion to raise the competency question, constitutes the

required exhaustion of State remedies as to this ground. Accordingly, we proceed to consider the merits of petitioner's competency argument.

■ We are presented with two major issues: the first is whether or not the State hearing held in 1969 finding petitioner competent as of May 5, 1966, was "too late" as alleged by petitioner. The second issue is whether or not the finding of competency after that hearing was erroneous. There is no need to reiterate the well established rule concerning the trial court's protective duty to be certain that pleas of guilty are entered voluntarily and with a full awareness of the potential consequences. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969), cert. den. 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137 (1969). The United States District Court, by its order of a ninety day stay, indicated that there was sufficient doubt of competency to warrant a hearing on this question. The stay to permit the State hearing was the appropriate action to be taken. The petitioner urges however that a hearing held three and one-half years after the crucial pleading occurred does not sufficiently protect him as required by the aforementioned cases. We conclude that under the circumstances the United States District Court not only did, in petitioner's words, "the best it could," it also did all that was necessary. In the hearing held by the McKinley County Court, the chief witnesses were the same psychiatrists who examined petitioner prior to his plea of May 5, 1966. We have recently had occasion to examine this question of time lapse in Crail v. United States, 430 F.2d 459, (10th Cir. 1970), and in Arnold v. United States, 432 F.2d 871 (10th Cir.) In these cases we affirmed the denial of a similar petition after a hearing concerning competency conducted by United States District Courts two and one-half years and three years after the plea of guilty. We noted that Crail differed from Robinson in that the two physicians who treated the petitioner prior to his plea were present to testify at the retrospective hearing, and that "that fact alone sharply distinguishes this [Crail] from the Robinson case." Furthermore, in the Wolcott case noted above, we affirmed a similar denial after a competency hearing conducted eleven months in retrospect. In view of Wolcott, Crail, and Arnold, we cannot say that retrospective competency hearings are per se inadequate. Where, as here, the witnesses at the later hearing were the psychiatrists who examined petitioner prior to his plea of guilty, we cannot say that mere lapse of time before a competency hearing invalidates the findings made as a result of that hearing.

Appellant's second argument is that the evidence adduced at this hearing does not support a finding of competency. In denying this petition the United States District Court stated:

"On October 3, 1969, the sentencing court held a full evidentiary hearing on the issue and concluded that Barefield was competent to enter a plea of guilty to the charges against him of second degree murder. * * * and the state court's decision that the Petitioner was competent to enter a plea of guilty is supported by the evidence."

■ After reviewing the transcript of the October 1969 hearing, we agree that the finding of competency as of May 5, 1966, is supported by the evidence.

Affirmed.