509 P.2d 573

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Charles Michael BIUS, Defendant-Appellant.**

**No. 1079.**

Court of Appeals of New Mexico.
April 13, 1973.

Alan Hartke, Marjon & Hartke, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant pled guilty to burglary. Section 40A–16–3, N.M.S.A.1953 (2nd Repl. Vol. 6). His appeal asserts the trial court

erred in accepting the guilty plea because the question of his competency to plead had previously been raised and that question had not been determined by the court.

On May 2, 1972, defendant moved for a psychiatric examination to determine whether defendant was competent to stand trial and assist counsel in his defense. The defendant represented to the court that he had been in four mental hospitals and had recently been released from a mental hospital; that he had been " . . . having a hard time controlling my own mind. . . . " His counsel represented to the court that he had "noticed a change" in defendant's condition in recent days and that defendant was unable to cooperate in his defense. On the basis of these representations, the trial court ordered a psychiatric examination for the same day.

Nothing more appears concerning this examination. The State would dispose of this appeal on the basis that the representations to the court were insufficient to raise a question as to defendant's competency and, therefore, no hearing on his competency was required. See State v. Morales, 81 N.M. 333, 466 P.2d 899 (Ct.App.1970), cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77 (1970); State v. Hollowell, 80 N.M. 756, 461 P.2d 238 (Ct.App.1969); State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969). In support of this position, they attach to the answer brief what purports to be an evaluation of defendant by the psychiatrist which reports "no evidence of psychosis." This exhibit will not be considered. Kassel v. Anderson, (Ct.App.), No. 1019, decided February 16, 1973.

We do not decide the appeal on the basis suggested by the State. Instead, we examine the subsequent events.

On June 15, 1972, defendant appeared before the court, with counsel, and pled guilty. This plea was accepted only after the trial court had questioned defendant extensively as to his understanding of the proceedings and the voluntariness of the plea. In these proceedings the trial court questioned defendant as to his mental capacity at the time of the burglary and at that time.

The trial court asked: "Are you under any kind of mental disability at this point?" Defendant answered: "Well, at this point I have been to four state hospitals and I have been working pretty hard for my sanity, and I believe that I was drunk at the time. . . . " The trial court then asked defense counsel if he was satisfied that the court should accept the plea. Counsel's answer: "Yes, Your Honor. I believe that the defendant is competent and understands what is happening and was in possession of his mental faculties at the time to a sufficient degree to enable him to be responsible for his actions."

In two subsequent proceedings, the defendant was referred to as being emotionally disturbed and as having a mental and emotional problem. Defendant stated he had been to "three state hospitals in the last three years." No claim was made in these proceedings that defendant lacked the mental capacity to plead guilty.

■ Assuming the question of defendant's mental capacity to plead was before the court on June 15, 1972, counsel's response to the court's questions about defendant's mental condition can only be interpreted either as an abandonment of the question or a representation that there was no issue as to defendant's competency to plead. Compare State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969).

■ The references to hospitalization and a "mental and emotional problem" in subsequent proceedings were insufficient to raise a question as to competency to plead. Stafford v. State, 82 N.M. 365, 482 P.2d 68 (Ct.App.1971); State v. Smith, 80 N.M. 742, 461 P.2d 157 (Ct.App.1969); State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct. App.1969).

Defendant does not claim that he lacked the capacity to plead guilty. The essence of defendant's appeal is that the trial court, having once ordered a psychiatric examination of defendant, could not, under § 41–

13–3.1, N.M.S.A.1953 (2nd Repl.Vol. 6), proceed further until defendant's mental competency had been determined by the court. Our answer is that counsel's response to the court's questions on June 15, 1972, effectively removed any question of competency from the case at that time. Accordingly, the trial court did not err in not holding a competency hearing.

The judgment and sentence is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.