This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39446

**ROGER ROMERO,**

Petitioner-Appellee,

v.

**STATE OF NEW MEXCO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Court Judge**

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

Zach J. Cook
Ruidoso, NM

for Appellee

Raúl Torrez, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** The State of New Mexico (Respondent) appeals from the district court's "Order Setting Aside Conviction" (the Order), which set aside Roger Romero's (Petitioner) magistrate court conviction of a county ordinance related to the unlawful accumulation

of waste on his property (the underlying case). The Order stemmed from a "Petition for Writ of Habeas Corpus" (the Petition), in which Petitioner sought to set aside the conviction because he was incompetent to stand trial at the time of his trial in the magistrate court. On appeal, Respondent contends that (1) the district court lacked jurisdiction to consider the Petition under Rules 5-802(A) NMRA and 5-803 NMRA; (2) the district court's finding that Petitioner appeared pro se was contrary to the evidence in the record;[1] and (3) the district court's finding that Petitioner was incompetent at the time of trial in the underlying case was not supported by the record. Respondent originally appealed this matter to our Supreme Court; however, the Supreme Court transferred the matter to this Court for resolution. *See* Dispositional Order of Transfer, *Romero v. State of N.M.*, S-1-SC-37602 (N.M. Jan. 8, 2021). For the reasons that follow, we reverse and remand.

## BACKGROUND

**{2}** Petitioner was charged in Lincoln County, New Mexico, Magistrate Court with violating Lincoln County, N.M., Ordinance 2016-02 (Aug. 16, 2016), for the unlawful accumulation of waste on his property. Following a bench trial in magistrate court, Petitioner was found guilty and was sentenced to ninety days in jail, with sixty days of the jail sentence suspended, for a net jail sentence of thirty days, sixty days of probation, fined $300, and ordered to pay $73 in costs and fees. The judgment and sentence was filed on August 1, 2017. Petitioner did not appeal his conviction.

**{3}** On April 5, 2018, approximately eight months after entry of the judgment and sentence, approximately six months after completion of Petitioner's jail term, and about five months after he was discharged from probation, Petitioner filed the Petition with the district court. Petitioner requested that the district court vacate and set aside his judgment and sentence because he was incompetent at the time the bench trial was held on the ordinance violation. Specifically, Petitioner relied on the fact that he had been found incompetent to stand trial in three prior cases in Lincoln County. The issue of incompetence was not raised in the magistrate proceedings at any point. Respondent concedes that at the time of the prosecution of the underlying case, it was aware that Petitioner had previously been found incompetent in other cases.

**{4}** In response to the Petition, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction" (the Motion). In the Motion, Respondent argued that the district court did not have jurisdiction to consider the Petition because Petitioner had completed his sentence and was no longer subject to any custody or restraint imposed by his conviction. *See* Rule 5-802(A) (providing that "[t]his rule

---

[1]We agree with Respondent that the district court erred in finding that Petitioner appeared pro se. Indeed, the record indicates that Petitioner appeared with counsel in the magistrate proceedings. Although this finding was erroneous, we will not consider it further given that it is of no consequence in the disposition of this case. *See Wright v. Brem*, 1970-NMCA-030, ¶ 7, 81 N.M. 410, 467 P.2d 736 (stating that "[o]ur function is to correct an erroneous result, and not to correct errors which, even if corrected, will not change the result").

governs the procedure for filing a writ of habeas corpus by persons in custody or under restraint").

**{5}** Although the district court held a hearing on the Motion2 and did not hold a hearing on the merits of the Petition, the district court entered an order setting aside Petitioner's conviction. In the Order the district court made several findings of fact and, ultimately, concluded that "Petitioner was at all times relevant incompetent to stand trial." Respondent appealed the Order to our Supreme Court, which transferred the appeal to this Court for resolution. *See* Dispositional Order of Transfer, *Romero v. State of N.M.*, S-1-SC-37602 (N.M. Jan. 8, 2021).

## DISCUSSION

### I.   Respondent's Jurisdictional Challenges

### A.   Respondent's Challenge Based Upon Petitioner Not Being in Custody or Restraint at the Time the Petition Was Filed

**{6}** Respondent contends that the district court did not have jurisdiction under Rule 5-802(A) to consider the Petition because Petitioner "had fully completed his sentence at the time he filed his [p]etition for [w]rit of [h]abeas [c]orpus." Based on determinations made by our Supreme Court in its "Dispositional Order of Transfer" (the Transfer Order), we summarily dispose of this issue.

**{7}** In the Transfer Order, our Supreme Court determined, in pertinent part, that (1) "at the time [the P]etition was filed, Petitioner was no longer 'in custody or under restraint' for purposes of habeas corpus jurisdiction, as required by Rule 5-802(A)"; (2) "Rule 5-803(A) governs a petition for post[-]sentence relief when a [p]etitioner 'is not in custody or under restraint as a result of' a challenged conviction"; and (3) "the district court had jurisdiction over this matter solely by reason of Rule 5-803." In light of these determinations made in the Transfer Order, we conclude that the district court did not lack jurisdiction to consider the Petition although the district court could proceed, pursuant to Rule 5-803 and not Rule 5-802.

### B.   Respondent's Challenge Based on Untimely Filing of the Petition

**{8}** Respondent contends that the Petition is untimely and the record is lacking any evidence of good cause, excusable neglect or extraordinary circumstances for the untimely filing of the Petition. "Rule 5-803(C) explicitly requires a petition to be filed within a reasonable time after the completion of the petitioner's sentence, unless the court finds good cause, excusable neglect, or extraordinary circumstances beyond the control of the petitioner that justify filing the petition beyond that time." *McGarrh v. State*, 2022-NMCA-036, ¶ 10, 514 P.3d 55 (internal quotation marks omitted).

---

2The hearing on Respondent's Motion was held on January 8, 2019. At the conclusion of the hearing, the district court did not decide the Motion. Instead, the district court took the Motion under advisement.

**{9}** As to this contention, we observe that Respondent did not raise this issue in the district court in either its "Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction" or in its "Response to Petition for Writ of Habeas Corpus" and only raises this issue for the first time on appeal in its brief in chief. While we agree that jurisdiction of the district court to hear a specific matter can be raised at any point in the proceeding, including on appeal, *see State v. Ramirez*, 1976-NMCA-101, ¶ 26, 89 N.M. 635, 556 P.2d 43 ("A jurisdictional defect can be raised at any stage of the proceedings, even sua sponte by the appellate court."), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 9-10, 98 N.M. 786, 653 P.2d 162, we observe, however, that the jurisdictional challenge raised by Respondent in the district court was based solely and exclusively on the grounds that because Petitioner was not in custody or restraint of the magistrate court as required for the issuance of a writ of habeas corpus, *see* Rule 5-802(A), the district court did not have jurisdiction to consider the Petition. The specific jurisdictional challenge based on timeliness of the filing of the Petition, although raised on appeal, was not raised below. As a consequence, the issue of timeliness of the filing of the Petition was not briefed or argued by the parties in the district court, considered by or ruled upon by the district court, and most importantly for our purposes here, no record was created upon which this Court could review the issue.

**{10}** Given this procedural posture, and even though this challenge to the district court's jurisdiction to consider the Petition can be raised at any point in the proceeding, we are compelled to remand this issue to the district court to pass upon the issue in the first instance, and for creation of a record upon which review can be had if a subsequent appeal of the issue were to occur. This resolution is consistent with the purposes for preservation of an issue for appeal and with our ability to fully and fairly consider an issue on appeal and to make an intelligent ruling on the issue. *See State v. Allen*, 2014-NMCA-047, ¶ 9, 323 P.3d 925 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." (internal quotation marks and citation omitted)).

**{11}** Consequently, Respondent's challenge to the jurisdiction of the district court based upon the timeliness of the filing of the Petition is remanded to the district court with instructions that the district court permit the parties to brief the issue, hold a hearing on the issue, and rule on the issue. Because we foresee the substantive issue arising again if the district court determines it has jurisdiction, we next address the district court's finding that Petitioner was incompetent.

**II.     Respondent's Contention That the District Court's Finding That Petitioner Was Incompetent Was Not Supported by the Record**

**{12}** Respondent contends that the district court's conclusion of law that Petitioner was incompetent at the time of trial in the underlying case was not supported by the record. We agree and explain.

**{13}** As is the case here, "[a] trial court's final order often includes factual findings and legal conclusions. In reviewing such orders, appellate review will include deference to the findings and de novo review of conclusions." *State v. Gonzales*, 2005-NMSC-025, ¶ 22, 138 N.M. 271, 119 P.3d 151; *see State v. Dick*, 1999-NMCA-062, ¶ 6, 127 N.M. 382, 981 P.2d 796 (explaining that "[u]pon review, this Court will defer to the trial court's determinations of fact if such findings are supported by substantial evidence. As to matters of law, this Court conducts a de novo review." (citation omitted)), *overruled on other grounds by State v. Steven B.*, 2015-NMSC-020, ¶¶ 3, 36, 55, 352 P.3d 1181. "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Johnson*, 2024-NMCA-015, ¶ 28, 541 P.3d 141 (internal quotation marks and citation omitted).

**{14}** Here, the district court, notwithstanding that it did not hold a hearing on the merits of the Petition, nevertheless issued an order setting aside Petitioner's conviction of the Lincoln County ordinance. In the Order, the district court made several findings of fact and one conclusion of law. The findings of fact included, in pertinent part, that:

> (1) Petitioner has, in previous cases, been adjudicated incompetent to stand trial;
>
> (2) A cursory examination of his record on Odyssey would have revealed multiple prior cases which were dismissed based upon Petitioner being incompetent;
>
> . . . .
>
> (4) Petitioner appeared pro se. Apparently, [Petitioner] did not raise the issue of competency.

The district court's sole conclusion of law was that "Petitioner was at all times relevant incompetent to stand trial."

**{15}** Relying on *State v. Tran*, 2009-NMCA-010, ¶ 14, 145 N.M 487, 200 P.3d 537, Respondent argues that because Petitioner's counsel was aware of the incompetency issue, Petitioner is barred from obtaining relief. *Tran* is not applicable here because it discussed a writ of coram nobis, and was issued prior to the enactment of Rule 5-803. Further, the failure of defense counsel to raise the issue of competency in the magistrate court does not bar a party from pursuing post-conviction relief. *See State v. Guy*, 1968-NMCA-020, ¶ 6, 79 N.M. 128, 440 P.2d 803 (stating that failure of the defendant or counsel to raise mental incompetency at the time of his plea does not in and of itself bar relief in a post-conviction proceeding).

**{16}** To successfully challenge a conviction based upon incompetency, "[a] claimant for post-conviction relief must allege some specific factual basis for the relief sought. Vague conclusional charges are insufficient. A motion is insufficient if it fails to allege

facts indicating mental incompetence *at the time of arraignment and sentencing.*" *Id.* ¶ 7 (emphasis added) (citation omitted).

**{17}** In this case, the Petition contains no factual allegations indicating mental incompetence at the time of trial in the underlying case. The Petition merely alleges, in a conclusory manner, that Petitioner suffers from dementia due to head trauma and that he is incompetent. Although the Petition also alleges that Petitioner is indigent, that he is a veteran, that he is disabled and that he receives social security due to his disability, these facts do not necessarily mean that Petitioner is incompetent to stand trial. *See id.* ("A motion is insufficient if it fails to allege facts indicating mental incompetence *at the time of arraignment and sentencing.*" (emphasis added)).

**{18}** As well, while the Petition references and includes pleadings from previous cases where Petitioner was found to be incompetent to stand trial, these prior cases do not establish that Petitioner was incompetent at the time of the trial in the underlying case. These prior findings of incompetence to stand trial stem from cases which occurred from 2009 to 2011, years prior to the trial in the underlying case. *Cf. id.* ¶ 9 ("[A]llegations of post-conviction confinement in a mental institution in 1962 and early 1963 are sufficiently close to the date of [the defendant's] plea[, July 1962,] to raise a factual issue concerning his mental competency to plead.").

**{19}** Lastly, because the district court did not hold a hearing on the merits of the Petition, we are without the benefit that a record from a full hearing on the merits of the Petition would provide. Instead, we are left to review an extremely limited record, which is essentially comprised of the Petition and its exhibits and the "Response to Petition for Writ of Habeas Corpus" and its exhibits.

**{20}** Consequently, we conclude that the district court record in this case, does not provide substantial evidence that Petitioner was incompetent to stand trial at the time of the trial in the underlying case. As a corollary, we further conclude that the district court's conclusion of law "Petitioner was at all times relevant incompetent to stand trial" was not supported by substantial evidence. Therefore, the Order is reversed.

**{21}** However, because the district court granted the Petition and set aside the conviction in the underlying case without holding a hearing on the merits of the Petition, we conclude that the parties are entitled to a hearing on the merits of the Petition. We, therefore, remand this matter to the district court with instructions that the district court hold a hearing on the merits of the Petition treating it as a petition to set aside the conviction entered in the underlying case pursuant to Rule 5-803. This instruction, however, is conditioned upon the Petition surviving the jurisdictional challenge based upon the timeliness of the filing of the Petition raised on appeal by Respondent, and which challenge, for the reasons set forth above, we remand to the district court for hearing and disposition as well.

**CONCLUSION**

**{22}** For the reasons set forth above, we reverse the district court's "Order Setting Aside Conviction" and remand this matter to the district court for further proceedings consistent with this memorandum opinion.

**{23} IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**