452 P.2d 199

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Richard Lee LOPEZ, Defendant-Appellant.**
**No. 133.**

Court of Appeals of New Mexico.
March 7, 1969.

---

Charles W. Rawson, Turner W. Branch, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Justin Reid, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted of armed robbery (§ 40A–16–2, N.M.S.A.1953) and sentenced to serve a term in The Penitentiary of New Mexico. He has appealed and contends that the trial court erred in admitting in evidence a written confession, bearing his signature, over his objection.

The trial judge, out of the hearing of the jury and in accordance with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), ruled that the confession was admissible evidence and could go to the jury.

An abundance of testimony appears in the record relating to whether defendant was adequately advised of his right to the aid of counsel and to the presence of counsel during interrogation, from which it appears that an issue of fact was presented for determination by the court and jury.

The testimony, although disputed in some respects, in substance discloses the following:

On December 21st, 1966, at about 12:30 A.M., defendant and an accomplice were arrested at the home of one Lawrence Gerzanich. At the time of arrest, defendant and the accomplice were orally charged by the arresting officers with having committed an armed robbery of a certain restaurant. It was claimed that the robbery had taken place during the night of December 20th, 1966. At approximately 10:00 o'clock in the morning of December 21st defendant was formally charged with the offense, taken before a magistrate and counsel was then appointed to represent him. He was unable to provide bond which had been fixed by the magistrate and was committed to jail pending further proceedings. At approximately 4:00 o'clock in the afternoon of the same day defendant was taken from the jail to an interrogation room for questioning. Prior to being interrogated defendant was given a complete explanation of his constitutional rights as provided by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966) and he signed a so-called "Advice of Rights Form" upon which an explanation of these rights was printed in full.

It appears to be admitted that at this time, the interrogating officer was aware that counsel had been appointed by the magistrate to represent the defendant. Notice, however, was not given counsel of the proposed interrogation, nor was counsel present. Defendant did not request that his counsel be present although, as stated, he was advised of this right.

Before interrogation was attempted defendant was permitted the use of the telephone to call any persons with whom he desired to communicate. He did call and talk to his mother and his probation officer. He thereafter asked permission to speak directly with his accomplice and such permission was granted. Following the conversation with the accomplice, defendant informed the interrogating officer that he

did not wish to make a statement. Accordingly, defendant was returned to jail.

At about 5:00 o'clock in the evening of December 21st Gerzanich arrived at the jail, requested and was granted permission to talk with defendant. Following their conversation defendant informed the officer who had theretofore undertaken to interrogate him that he wished to make a statement relating to his part in the alleged crime. He was then asked whether the statement would be freely and voluntarily made, to which defendant answered in the affirmative. Defendant was then taken to the interrogation room.

Appointed counsel was neither notified nor present at this interview. It appears that the officer and defendant contemplated that a statement in writing would be made by defendant. The officer suggested to defendant that any such statement be prefaced by a form declaration which was read to and approved by defendant. The suggested form which was incorporated in the statement is in the following language:

"I, _____, willingly and voluntarily give this statement, and no promises nor threats have been made to me to get me to do so. I understand that I have a right to remain silent, that I do not have to say anything, that anything I do say may be used in Court against me, that I am entitled to talk to a lawyer before giving a statement, and to have my lawyer here during questioning and that if I want a lawyer, but do not have the money to hire one, one will be provided for me."

Defendant then dictated to a typist a full confession as to his part in the robbery. After the confession had been typed it was read, corrected in part by defendant, and signed by him. As we have stated, this confession was received in evidence over defendant's objection.

It is defendant's contention that the elicitation by the police of defendant's confession in the absence of his counsel, when it was known to them that defendant was represented, was violative of his constitutional right to the assistance of counsel and hence the confession so obtained was inadmissible.

Defendant does not dispute the proposition that the constitutional right to the aid of counsel may be knowingly and intelligently waived. He seems to take the position, however, that in circumstances where an accused has counsel and that fact is known to the interrogating officer it then becomes the duty of the officer to notify counsel of an intended interview with accused and a breach of such duty renders any statement by the accused inadmissible in evidence at his trial. No authority is cited by defendant in support of this proposition, nor has our research disclosed any such authority. A like situation was presented in Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968), wherein the court in affirming the conviction said:

"It may well be that the day is approaching when the right to counsel may be expanded to the point where an accused may only be interrogated by the police in the presence of his lawyer. However, no persuasive precedent for the holding here sought has come to our attention. Appellant relies heavily on the teaching of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 [10 A. L.R.3d 974] (1966). Miranda specifically recognizes prior cases holding that the right to counsel may be waived. Here a clear and knowing waiver was shown. We are unwilling to attempt to expand the Miranda ruling to the extent sought by appellant."

A like holding is found in Wilson v. United States, 398 F.2d 331, (5th Cir. 1968). These decisions we think reach a correct conclusion.

In our view defendant voluntarily and knowingly waived his right to the aid of counsel at the time he made and signed the confession. There is no evidence in the record from which it can be said that defendant was illiterate, inexperienced or otherwise not of normal intelligence, nor that his will was overborne in any respect by the officers. He was adequately warn-

ed. Consequently, the conclusion that he was fully aware of his right to aid of counsel and waived the right is clearly supportable. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Miranda v. State of Arizona, supra.

Defendant seeks support for his position from United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Waiver of the right to counsel is expressly recognized in *Wade,* " * * * Wade and his counsel should have been notified of the impending lineup, and counsel's presence should have been a requisite to conduct of the lineup, absent an 'intelligent waiver.' "

Other cases cited by defendant do not, in our opinion, lend support to his position.

■ Although we hold the confession admissible we feel it should be made clear that we strongly disapprove any practice on the part of officials of interrogating an accused in the absence of his counsel whether retained or appointed, particularly after the accused has been charged with the crime and the interrogation is designed to secure evidence of guilt to be introduced in the criminal trial against the accused.

We are in accord with the views expressed in Wilson v. United States, supra:

"However, this Court agrees with the dissenting opinion [Coughlan v. United States, supra] as to the impropriety of Government interrogation of a person in custody pending trial, in the absence of counsel which the interrogator knew had been appointed to represent the defendant."

■ Defendant further asserts that the confession was inadmissible because it was invalidly obtained. He argues that since upon the first interview defendant expressly declined to make any statement that then, according to *Miranda,* he could not thereafter have been interrogated and the confession obtained upon the second interrogation was invalid. In *Miranda* the court said:

"If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. * * *

\* \* \* \* \* \*

If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."

It seems clear to us from this language that a second or further interview was not barred but there was imposed upon the prosecution a "heavy burden" to establish that defendant knowingly and intelligently waived his privilege against self-incrimination and his right to the aid of counsel. In this case, the burden was met.

The judgment of the District Court is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.