469 P.2d 730

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gerald Eugene BRIGGS, Defendant-Appellant.**

**No. 433.**

Court of Appeals of New Mexico.

May 8, 1970.

Norman E. Runyan, Stanley F. Frost, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

Convicted of burglary, § 40A–16–3, N. M.S.A.1953 (Repl.Vol. 6), defendant appeals. Defendant contended at trial, and renews the contention here, that testimony as to his oral incriminating statements should not have been admitted. The issues: (1) the adequacy of the Miranda warnings (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966)), and (2) whether the State proved that defendant waived his right to have counsel present when questioned.

*Adequacy of the warnings.*

In advising defendant of his various rights, the District Attorney informed defendant " * * * that anything that he said could be used against him in a court of law as evidence, * * *."

Defendant claims this warning was inadequate. He relies on language in Miranda v. Arizona, supra, which states: "The warning of the right to remain silent must be accompanied by the explanation that anything said *can and will* be used against the individual in court. * * *" (Emphasis added.) This contention relies on the one instance in *Miranda* where the phrase "can and will" was used. In another instance, *Miranda* requires a warning that any statement *may* be used and in another instance the opinion requires a warning that anything stated by defendant *can* be used in evidence against him. See Commonwealth v. Baker, 214 Pa.Super. 27, 251 A.2d 737 (1969).

The warnings required by Miranda v. Arizona, supra, deal with substance, not form. See footnote 2 to Camacho v. United States, 407 F.2d 39 (9th Cir. 1969); State v. Williams, 458 P.2d 699 (Or.App. 1969). The warning given by the District Attorney went to the substance of the required warning. It made the defendant " * * * aware that he is faced with a phase of the adversary system—that he is not in the presence of persons acting solely

in his interest." Miranda v. Arizona, supra.

The warning given by the District Attorney—that anything defendant said *could* be used against him—was constitutionally adequate. Commonwealth v. Baker, supra; State v. Humphreys, Or., 444 P.2d 476 (1968).

■■■■ *Proof of waiver of right to counsel during questioning.*

Defendant relies on the following from Miranda v. Arizona, supra:

"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. * * *"

At a hearing out of the presence of the jury, defendant testified that when his rights were explained to him, he asked for a lawyer "now" and was told he could not have a lawyer until the judge appointed one. According to defendant, he was then questioned by the District Attorney in spite of his request to have an attorney present when questioned. Compare State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct. App.1969).

An officer testified defendant was "* * asked if he wanted an attorney [present] at this time and he stated he did not. * * "

Defendant contends the conflict in the evidence does not meet the State's "heavy burden" of showing an intelligent waiver of the right to have counsel present during the questioning. He claims the officer's testimony is no more than a conclusion. He relies on the fact that there was no written waiver, that advice given defendant departed from the local practice of reading the advice from a printed card, and the asserted inability of the officer to repeat, verbatim, the advice given by the District Attorney. He ignores the fact that the officer testified in detail, not only as to the "advice of rights", but as to everything said by the District Attorney and the defendant at this confrontation. The argument ignores the testimony that defendant said he understood the advice given to him, was feeling "okay" and that defendant gave "* * * coherent answers to the questions put to him."

In essence, defendant claims the burden of establishing a waiver is not met where there is a conflict in the evidence. That is not the law. It is for the trial court to weigh the evidentiary conflicts. Compare State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), cert. denied 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed.2d 668 (1968); State v. Sneed, 76 N.M. 349, 414 P.2d 858 (1966); State v. Harrison (Ct.App.), 81 N.M. 324, 466 P.2d 890, decided February 20, 1970; State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969). Here, the trial court resolved the conflict in holding the defendant's statement to be admissible. In so ruling, it determined that defendant had waived the right to counsel during the questioning. On the evidence presented, we cannot hold the trial court erred as a matter of law. State v. Lopez, 80 N.M. 130, 452 P.2d 199 (Ct.App.1969); State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct.App. 1969).

Affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.