485 P.2d 927 (1971)
George ROMERO, Petitioner,
v.
STANDARD METALS CORPORATION et al., Respondents.
No. 70-623.
Colorado Court of Appeals, Div. I.
May 25, 1971.
Hamilton, Hamilton & Shand, E. B. Hamilton, Jr., Durango, for petitioner.
Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., Denver, for respondents, Standard Metals Corp. and State Compensation Insurance Fund.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent, The Industrial Comm. of the State of Colorado.
Selected for Official Publication.
PIERCE, Judge.
This case is an appeal by the claimant, Romero, from a Colorado Industrial Commission order denying benefits claimed under the Colorado Occupational Disease Disability Act, C.R.S.1963, 81-18-1 et seq. The claimant, a miner, incurred a mild case of silicosis while working for respondent Standard Metals Corporation. He was first told by his physician that he was suffering from a heart strain produced by silicosis, but later the diagnosis indicated that his disability was produced by neurosis. Further evidence indicated that the neurosis developed as an emotional reaction to the discovery that he had silicosis, rather than the purely physical result of that disease. *928 Testimony is clear that claimant was physically able to work and that the best method of treating his neurosis would require his return to his occupation as a miner in conjunction with psychiatric treatment, even though there was a possibility that the silicosis might become more pronounced.
The referee denied compensation, finding that claimant "has a neurosis preventing him from working but said neurosis is not directly related to a disabling occupational disease as defined by Colorado law." The referee further found: (1) that claimant had a minimal amount of silicosis; (2) that he was not industrially disabled because of silicosis or a heart condition; and (3) that he was physically able to return to mining, but should he do so there might be some risk of an increasing amount of silicosis. Claimant here appeals from the Industrial Commission's order affirming the referee's denial of benefits.
Claimant contends that the Industrial Commission erred in determining that he could not recover as he maintains that the neurosis was caused by a statutorily defined physically disabling occupational disease.
Under the Colorado Occupational Disease Disability Act, however, compensation does not flow from the mere contraction of a disease listed under the Act. Compensation flows from a disablement resulting from such a disease. Under C.R.S. 1963, 81-18-4(2), "disablement" is defined as "the event of becoming physically incapacitated by reason of an occupational disease as defined in this article." In this case, the evidence did not show that the silicosis "physically" incapacitated the claimant. Furthermore, it is clear that under C.R.S. 1963, 81-18-9, "neurosis" is not listed as one of the occupational diseases compensable under the Act.
Claimant's further alleged errors are found to be without merit.
The order of the Commission is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.