512 P.2d 696

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ruben SANCHEZ, Jr., and Willie Scott, Defendants-Appellants.**

**No. 1134.**

Court of Appeals of New Mexico.
July 5, 1973.

S. Thomas Overstreet, Alamogordo, for appellant Sanchez.

Jefferson R. Rhodes, Alamogordo, for appellant Scott.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

The defendants were convicted after trial by jury on one count of sodomy contrary to § 40A–9–6, N.M.S.A.1953 (2d Repl.Vol. 6). They were sentenced and, thereafter, appealed.

We affirm as to defendant Sanchez and vacate and remand as to defendant Scott.

Defendant Sanchez relies for reversal on one point: that the sodomy statute, under which he was indicted and convicted, is unconstitutional. Defendant Scott relies for reversal on two points: (1) that the trial court erred in allowing an in-court identification of him, because he was not afforded counsel at a post-indictment lineup in violation of the Sixth and Fourteenth Amendments of the United States Constitution; and, (2) the alleged unconstitutionality of the statute.

(1) *The trial court erred in denying counsel's request for a hearing on whether the in-court identification of defendant Scott was tainted by a post-indictment lineup without counsel.*

There is evidence that the two defendants, and an unidentified third male, attacked and struck Dixon, while the four were incarcerated in the Otero County jail. A fifth male "back[ed] them off," but told Dixon he would continue to protect him only if he consented to acts of sodomy. Fearing further injury and violence, Dixon consented to the requested acts of sodomy. Defendants participated in these acts.

On May 26, 1972, defendants were indicted on charges stemming from the jail incident and were arrested on August 19, 1972. After indictment and arrest, defendant Scott was exhibited in a lineup on August 21, 1972, where he was identified by the prosecuting witness, Dixon. No counsel was present at the lineup. At trial the witness Dixon made no reference to the lineup on direct examination. He made an

in-court identification of defendant Scott which he testified was based on prior knowledge of the defendant's identity both within the jail and without.

On cross-examination of Dixon, defense counsel first elicited the fact of a prior lineup identification. At the close of Dixon's testimony, Scott's counsel moved that said testimony be stricken and that the jury be admonished to disregard it on the grounds that the in-court identification was tainted by the lack of counsel at the lineup. The court denied this motion. The motion was renewed at the end of the state's case and an alternative motion for a directed verdict, coupled with a suggestion for a hearing on the issue of taint, was made to no avail.

Defendant's counsel called the sheriff as a witness and established that defendant Scott was not represented by counsel at the lineup. He did not, however, attempt to probe the possibility of improper suggestion or other possible impropriety in the conduct of the lineup. At the close of all the evidence, defendant again renewed his motion with no success.

The defendant relies on the United States Supreme Court case of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The *Wade* case stands for the proposition that an accused is entitled to counsel at all critical stages of the proceedings against him.

In *Wade* the defendant's counsel was not notified of a lineup, at which the victim identified Wade. At trial in-court identifications were made. The prior lineup identification was elicited on cross-examination. Wade's counsel moved for a directed verdict, or, in the alternative, to strike the courtroom identifications. Conviction followed the denial of the motions. The Court of Appeals reversed the conviction and ordered a new trial at which the in-court identification evidence was to be excluded. The Supreme Court held that the Court of Appeals went too far in excluding

the evidence entirely. Although it held that the defendant was entitled to the presence of counsel at all critical stages including a post-indictment lineup, it recognized that the "primary illegality" could be "purged." The court also recognized that an accused may waive his right to counsel at a critical stage of the proceedings.

■ The state argues that defendant waived his right to have counsel present at the lineup. The state has the burden of showing a knowing and intelligent waiver. State v. Harrison, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). After the sheriff testified that Scott did not have counsel at the lineup, the following colloquy occurred:

"THE COURT: Sheriff * * * was Willie Scott informed that this was a lineup?

"A. Yes he was.

"THE COURT: Did he consent to it?

"A. Yes, sir. Verbally * * *

"THE COURT: Did you ask him if he wanted to?

"A. I told him we were going to have a lineup and that it was in regard to the sodomy charges and he said, 'Fine.' "

In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) the defendant did not have the assistance of counsel at trial. Concerning waiver of counsel, *Carnley* stated: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

■ The above quoted colloquy solely relied upon by the state does not show a waiver. Compare State v. Briggs, 81 N.M. 581, 469 P.2d 730 (Ct.App.1970); State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969).

The state also argues that it presented testimony which provided an independent

basis for the in-court identification. It relies on the uncontradicted nature of this testimony as dispositive of the appeal. However, the court in *Wade* recognized defense counsel's dilemma when it stated:

> " * * * The lineup is most often used, as in the present case, to crystallize the witnesses' identification of the defendant for future reference. * * * The State may then rest upon the witnesses' unequivocal courtroom identification, and not mention the pretrial identification as part of the State's case at trial. Counsel is then in the predicament in which Wade's counsel found himself—realizing that possible unfairness at the lineup may be the sole means of attack upon the unequivocal courtroom identification, and having to probe in the dark in an attempt to discover and reveal unfairness, while bolstering the government witness' courtroom identification by bringing out and dwelling upon his prior identification. * * * "

This dilemma explains why the testimony is uncontradicted. The fact that the in-court identification is uncontradicted does not, however, provide a basis for affirmance. Under *Wade* defendant is entitled to a hearing at which the factors stated in *Wade* are to be considered in determining whether this uncontradicted in-court identification is tainted by the illegal lineup identification, or whether the in-court identification is sufficiently distinguishable so as to render the in-court identification admissible. The state has the burden of proving " * * * by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." United States v. Wade, supra; see State v. Morales, 81 N.M. 333, 466 P.2d 899 (Ct.App.1970). No such determination has been made in this case. See State v. Clark, 80 N.M. 91, 451 P.2d 995 (Ct.App.1969),

overruled on other grounds, 80 N.M. 340, 455 P.2d 844 (1969); State v. Carrothers, 79 N.M. 347, 443 P.2d 517 (Ct.App.1968).

Therefore, the conviction is vacated and the case is remanded to the trial court with instructions to hold a hearing and make a determination as to whether there was a basis for the in-court identification independent of the illegal lineup. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct. App.1970) and United States v. Wade, supra. The court may also hear further evidence on the issue of waiver if the state wishes to present it. If it shall appear that there is an independent basis for the identification or that there was a knowing, intelligent waiver of the right, the conviction shall be reinstated. Otherwise, the court shall grant a new trial and proceed in accordance with this opinion. See State v. Torres, supra, and United States v. Wade, supra.

(2) *Defendants may not properly raise the constitutionality of § 40A-9-6, supra.*

Defendants base their contention on the dissenting opinion in State v. Trejo, 83 N.M. 511, 494 P.2d 173 (1972). We need not reach the issues presented by the dissent. Rather, we rely on State v. Armstrong, 85 N.M. 234, 511 P.2d 560 (Ct. App.) decided May 23, 1973 and State v. Kasakoff, 84 N.M. 404, 503 P.2d 1182 (Ct. App.1972), where we held that the defendants lacked standing to challenge the act. Defendants in this case also lack standing.

We affirm the judgment and sentence of defendant Sanchez. We vacate the judgment and sentence of the lower court as to defendant Scott and remand the case for proceedings consistent with this opinion.

It is so ordered.

WOOD, C. J., and HERNANDEZ J., concur.