This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date:  March 21, 2013**

**NO. 33,234**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALLEN C. DWYER, JR.**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

Law Office of Daniel F. Haft
Daniel F. Haft
Santa Fe, NM

for Appellee

**DECISION**

**DANIELS, Justice.**

**I.      INTRODUCTION**

{1}      Defendant Allen C. Dwyer, Jr. pleaded no contest to one count of first-degree felony murder.  The district court accepted Defendant's no contest plea, entered a judgment of conviction, and sentenced him as a serious youthful offender to twenty years in prison with five years suspended.  Additionally, the district court limited Defendant's eligibility to earn good-time credit to no more than four days per month. On appeal, Defendant argues that (1) his sentence is unconstitutional because it is cruel and unusual punishment, (2) the district court abused its discretion by imposing the sentence, and (3) the district court abused its discretion by limiting Defendant's eligibility to earn good-time credit to no more than four days per month.  We find no reversible error on any of these points.

{2}      Because Defendant raises no questions of law that New Mexico precedent does

2

not already sufficiently address, we issue this nonprecedential decision, pursuant to Rule 12-405(B)(1) NMRA, affirming Defendant's conviction and sentence.

## II.    BACKGROUND

**{3}**    On January 22, 2008, Defendant went to the home of eighty-two-year-old B. Tony Quici with the intent to steal money to settle a drug debt.  Defendant cut off the electricity to the house before entering through an unlocked door.  Once inside, Defendant tackled Mr. Quici to the ground and choked him until Mr. Quici lost consciousness.  Defendant then stole ninety dollars and wiped his fingerprints from the house before leaving.  Mr. Quici later died as a result of his injuries from the attack.  At the time of the incident, Defendant was seventeen years old.

**{4}**    On March 23, 2010, more than two years later, Defendant voluntarily contacted the police and confessed to the robbery and attack.  Until then, the State had been unable to charge anyone with Mr. Quici's murder.  Defendant entered into a plea and disposition agreement with the State in which he pleaded no contest to felony murder and the State agreed to recommend a sentence of fifteen years in prison.  However, the agreement contained a provision acknowledging that "[t]here are no agreements as to sentencing" and advised Defendant that the maximum penalty for first-degree felony murder was thirty years in prison, followed by five years of parole.  The agreement also advised Defendant that first-degree felony murder is classified as a serious violent

3

offense under the "[e]ligibility for earned meritorious deductions" statute, NMSA 1978, Section 33-2-34 (2006) (EMD), and therefore his eligibility for good-time credit could not exceed four days per month. Defendant expressly waived "any and all motions, defenses, objections or requests" with respect to the district court's entry of a judgment and imposition of a sentence resulting from the plea. Defendant also expressly waived the right to appeal the resulting conviction.

{5} At the plea hearing on May 2, 2011, the district court questioned Defendant to ensure that his plea was knowing, intelligent, and voluntary. Specifically, the district court asked Defendant if he had read the plea agreement, consulted with his attorney on the agreement, and understood the consequences of it. The district court also asked Defendant if he realized that the fifteen-year sentence recommended by the State was not binding on the court, which had discretion to impose a sentence of up to thirty years in prison. After Defendant answered the questions affirmatively, the district court accepted Defendant's plea.

{6} At the sentencing hearing on July 25, 2011, Defendant presented mitigating evidence in support of a lenient sentence, including testimony that at the time of the murder he was a methamphetamine addict and was under the drug's influence and that he voluntarily surrendered to the police. Defendant asked the district court to impose a sentence consistent with the recommendations set forth in a psychological evaluation

performed by Dr. Will Parsons. Specifically, Defendant asked for a sentence of ten years in prison with five years suspended and mandatory drug rehabilitation treatment upon release.

**{7}** Before announcing the sentence, the district court explained,

> [i]f this were a different case, if Mr. Dwyer was caught leaving Mr. Quici's house, we would clearly be talking about somewhere 25 to 30 years. The nature of our law is that felony murder doesn't require an intent other than the intent to commit the initial crime. But what apparently was Mr. Dwyer's conduct inside demonstrates some malignancy as well. I will take into consideration the fact that he turned himself in after two years; I think it appropriate for us to do that. I think the policy of the law should be to promote that kind of honesty and allow people to step forward knowing that they will get some consideration from the court. I will take his age into consideration. I think that important as well. But a serious crime was committed. I owe a responsibility not just to Mr. Dwyer's rehabilitation but as has been pointed out to the society here as a whole and to the law. Felony murder is not an inconsequential crime. It's a serious crime.

Rather than adopt Defendant's proposed sentence, the district court sentenced Defendant to twenty years in prison with five years suspended in favor of a five-year period of supervised probation concurrent with parole.

**{8}** Defendant then urged the district court to allow thirty days per month of good-time credit eligibility, notwithstanding specific language to the contrary in his plea and disposition agreement and in Section 33-2-34(A)(1) (providing for a maximum of four days per month of good-time credit eligibility for serious violent offenders).

The district court said it was inclined to limit Defendant's eligibility for good-time credit to four days per month but was willing to consider briefing and argument from the parties. At a subsequent hearing on August 23, 2011, Defendant argued that the district court had discretion to set Defendant's good-time credit eligibility at either zero, four, or thirty days per month. The district court agreed and clarified that it was exercising its discretion to specifically limit Defendant's good-time credit eligibility to four days per month.

{9}     On appeal to this Court, Defendant now challenges the constitutionality of his fifteen-year sentence as being cruel and unusual punishment, and he claims that the district court abused its discretion by disregarding the psychologist's recommendation for a shorter prison sentence and by limiting his eligibility for good-time credit to four days per month. We have mandatory appellate jurisdiction under Article VI, Section 2 of the New Mexico Constitution and Rule 12-102(A)(1) NMRA. *See State v. Tafoya*, 2010-NMSC-019, ¶ 5, 148 N.M. 391, 237 P.3d 693 ("[T]his Court has jurisdiction over a direct appeal from a serious youthful offender who received less than a life sentence because to require the rare case of a serious youthful offender convicted of first-degree murder to appeal first to the Court of Appeals would create confusion and inconsistency in our case law." (internal quotation marks and citation omitted)).

## III. STANDARD OF REVIEW

{10}     We review constitutional questions—such as whether a sentence constitutes cruel and unusual punishment—de novo.  *See* U.S. Const. amend. VIII; N.M. Const. art. II, § 13; *see also State v. DeGraff*, 2006-NMSC-011, ¶ 6, 139 N.M. 211, 131 P.3d 61 (explaining that we review constitutional questions of law de novo); *State v. Ira*, 2002-NMCA-037, ¶ 17, 132 N.M. 8, 43 P.3d 359 ("Whether a particular sentence amounts to cruel and unusual punishment raises a constitutional question of law that we review de novo on appeal.").   Article II, Section 13 of the New Mexico Constitution is nearly identical to the Eighth Amendment to the United States Constitution, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  In keeping with federal jurisprudence on the Eighth Amendment's prohibition of cruel and unusual punishment, we have recognized that a lengthy prison sentence may be unconstitutionally excessive when the sentence is disproportionate to the crime for which a defendant has been convicted.  *See State v. Ortega*, 112 N.M. 554, 566, 817 P.2d 1196, 1208 (1991) (stating that just as the death penalty has been scrutinized and held invalid under the Eighth Amendment as punishment for felony murder, "a lengthy sentence of imprisonment . . . can be scrutinized for disproportionality and possibly held unconstitutional as cruel and unusual punishment"), *abrogation on other*

7

*grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{11} However, the disproportionality analysis applies to facial challenges. *See Ortega*, 112 N.M. at 566, 817 P.2d at 1208 (holding that New Mexico's murder statute, classifying felony murder as a first-degree offense, "is a valid exercise of the Legislature's authority to prescribe serious punishment for killings committed with the requisite criminal intent and that occur during the commission or attempted commission of [an] inherently dangerous felony"); *see also Solem v. Helm*, 463 U.S. 279, 288-89 (1983) (establishing the applicability of the disproportionality analysis to noncapital cases to determine whether a life sentence is cruel and unusual punishment for a seventh nonviolent offense), *recognized by this Court in Ortega*, 112 N.M. at 566, 817 P.2d at 1208. In this case, Defendant does not challenge the facial validity of the New Mexico Criminal Sentencing Act, NMSA 1978, Sections 31-18-12 to -26 (2012) (CSA), which gives the court discretion to impose a sentence of up to life in prison for first-degree murder. *See* § 31-18-14 (1993) (amended 2009). Rather, Defendant argues only that the district court's decision to impose a prison term of fifteen years is cruel and unusual because it exceeds the recommended prison term in Dr. Parsons' psychological evaluation. Thus, we do not address Defendant's argument as a constitutional issue, but we review it under our abuse of discretion

standard. *See State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491 ("A trial court's sentencing is reviewed for abuse of discretion."). We also review Defendant's argument concerning his good-time credit eligibility for abuse of discretion. *See id.*

## IV. DISCUSSION

{12} Defendant argues that his sentence is illegal because it constitutes cruel and unusual punishment by exceeding the ten-year prison term proposed in Dr. Parsons' psychological evaluation. In addition, Defendant argues that the district court abused its discretion by disregarding the sentencing recommendations in Dr. Parsons' psychological evaluation and by limiting his eligibility for good-time credit to no more than four days per month. We disagree with Defendant's arguments for the following reasons.

## A. Defendant's Eighth Amendment Argument Fails.

{13} We conclude that Defendant's Eighth Amendment argument is not properly before this Court on appeal. *See Barnett v. Cal M, Inc.*, 79 N.M. 553, 556, 445 P.2d 974, 977 (1968) ("Matters not called to the attention of the trial court, except jurisdictional questions, cannot be raised for the first time on appeal."). Therefore, we discuss the basis for this conclusion but do not reach the merits of Defendant's claim that his sentence, which includes a prison term that is disproportionate to the prison

term recommended in Dr. Parsons' psychological evaluation, is cruel and unusual punishment.

**1.      Defendant Waived His Right to Appeal His Sentence on All but Jurisdictional Grounds.**

{14}      Defendant waived his right to challenge the constitutionality of his sentence when he knowingly and voluntarily entered his no contest plea. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) ("[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory constitutional rights, including the right to appeal.  Thus, a voluntary guilty [or nolo contendere] plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." (internal citations omitted)).

**2.      Defendant Did Not Preserve the Argument That His Sentence Constitutes Cruel and Unusual Punishment.**

{15}      Despite waiving his constitutional right to appeal on all but jurisdictional grounds, Defendant argues that he preserved his Eighth Amendment claim because he argued generally for a lesser prison term at the July 25, 2011, sentencing hearing. However, Defendant does not cite any verbal or written objection in the record, and

we cannot find any, wherein he argued that his sentence constitutes cruel and unusual punishment because it is disproportionate to the prison term recommended in Dr. Parsons' psychological evaluation. In fact, our review of the record discloses that Defendant agreed that a fifteen-year sentence was appropriate. Thus, Defendant's contention that his general argument for a lesser sentence constituted an objection for preservation purposes is without merit. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."); *see also State v. Vandenberg*, 2003-NMSC-030, ¶ 52, 134 N.M. 566, 81 P.3d 19 ("In analyzing preservation, we look to the arguments made by Defendant below."); *State v. Jacobs*, 2000-NMSC-026, ¶ 12, 129 N.M. 448, 10 P.3d 127 ("In order to preserve an issue for appeal, it is essential that a party must make a timely objection that specifically apprises the trial court of the claimed error and invokes an intelligent ruling thereon."). Defendant failed to preserve his argument that a fifteen-year sentence that is disproportionate to the sentence recommended by Dr. Parsons is cruel and unusual punishment.

**3. A Sentence Authorized by Statute but Claimed to Be Cruel and Unusual Punishment Cannot Be Raised for the First Time on Appeal.**

{16} Despite not making a facial challenge to the statutory sentencing limits, Defendant argues that, under *State v. Sinyard*, 100 N.M. 694, 695, 675 P.2d 426, 427

11

(Ct. App. 1983), he can raise the argument for the first time on appeal that his sentence is unconstitutional and thus illegal. Defendant's reliance on *Sinyard* is misplaced. Defendant asserts only that his sentence is excessive even though it is within the statutory maximum as specified by the CSA. *See* § 31-18-14 (1993) (amended 2009) (authorizing a sentence of up to life imprisonment for minors on capital felony convictions). This Court previously recognized that in *Sinyard*,

> the defendant did not claim that his sentence was a violation of the prohibition against cruel and unusual punishment, but, rather, claimed only that his sentence was not authorized by the applicable statute. [We have] expressly held that a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal.

*State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (internal citations omitted).

{17} Defendant's statutorily authorized sentence is not subject to jurisdictional challenge, he failed to preserve his Eighth Amendment argument for appeal, and he nevertheless waived such right to appeal. Thus Defendant's Eighth Amendment argument is not properly before this Court.

**B.      The District Court Did Not Abuse Its Sentencing Discretion.**

{18} As to Defendant's argument that the district court abused its discretion by imposing a fifteen-year sentence even though Dr. Parsons' psychological evaluation

12

recommended only a ten-year sentence, we note that "[j]udicial discretion is abused if the action taken by the trial court is arbitrary or capricious." *State v. Greene*, 92 N.M. 347, 349, 588 P.2d 548, 550 (1978). "Abuse of discretion must be shown and will not be presumed." *State v. Finnell*, 101 N.M. 732, 737, 688 P.2d 769, 774 (1984). In this case, Defendant fails to show that the district court abused its sentencing discretion.

**1.      Defendant's Psychological Evaluation Is Not Part of the Record Proper.**

{19}      We find no merit in Defendant's argument that the district court abused its discretion in sentencing him to a fifteen-year prison term instead of adopting Dr. Parsons' recommendation because Defendant fails to cite any portion of the record to demonstrate that Dr. Parsons' psychological evaluation was ever properly before the district court. Thus we may presume that, and must proceed as if, no such evaluation exists. *See* Rule 12-213(A)(3) NMRA ("The brief in chief of the appellant . . . shall contain citations to the record proper, transcript of proceedings or exhibits supporting each factual representation."); *see also Santa Fe Exploration Co. v. Oil Conservation Comm'n of the State of New Mexico*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (advising counsel to read and follow the appellate rules and noting that we will not review issues raised in appellate briefs unsupported by cited authority).

**2.      A Psychologist's Recommendations Are Not Binding on the District Court.**

13

**{20}** Even if we assume that Dr. Parsons' psychological evaluation was properly before the district court, the recommendations contained in such an evaluation are not binding on the district court. *See State v. Pieri*, 2009-NMSC-019, ¶ 30, 146 N.M. 155, 207 P.3d 1132 (recognizing that under a plea agreement in which the State recommends a sentence without opposing the sentence that the defendant seeks, "the court is not bound by the sentencing recommendations or requests of the parties; it is the court's responsibility to impose the sentence"); *accord* Rule 5-304(C) NMRA ("If the court accepts a plea agreement that was not made in exchange for a guaranteed, specific sentence, the court may inform the defendant that it will embody in the judgment and sentence the disposition recommended or requested in the plea agreement or that the court's judgment and sentence will embody a different disposition as authorized by law."). Defendant does not cite any authority to support his argument that the district court is or should be bound by a psychologist's recommendation for sentencing purposes. When a party cites no authority in support of a proposition, we may presume that no such authority exists. *See Lee v. Lee (In re Adoption of Doe)*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We assume where arguments in briefs are unsupported by cited authority [that] counsel . . . was unable to find any supporting authority.").

14

**3.      The District Court Sentenced Defendant Within Its Authority Under the Criminal Sentencing Act.**

{21}      Our review of the record indicates that the district court properly sentenced Defendant within the bounds of its jurisdictional authority under the CSA. *See* § 31-18-13(A) ("Unless otherwise provided by this section, all persons convicted of a crime under the laws of New Mexico shall be sentenced in accordance with the provisions of the [CSA]; provided, that a person sentenced as a serious youthful offender . . . may be sentenced to less than the basic mandatory sentence prescribed by the [CSA]."); *see also Chavarria*, 2009-NMSC-020, ¶ 12 ("A [district] court's power to sentence is derived exclusively from statute."). Defendant was seventeen years old at the time of the murder. In the case of a serious youthful offender who admitted to felony murder, the district court is permitted to impose a sentence of up to the mandatory term for an adult. *See* § 31-18-15.3(D) ("When an alleged serious youthful offender is found guilty of first degree murder, the court shall sentence the offender pursuant to the provisions of the [CSA]. The court may sentence the offender to less than, but not exceeding, the mandatory term for an adult."). In 2008 when Defendant robbed and beat Mr. Quici, the mandatory sentence for a juvenile convicted of felony murder, a capital offense, was life imprisonment. § 31-18-14. Under NMSA 1978, Section 31-21-10(A) (2007) (amended 2009), an inmate "sentenced to life imprisonment becomes

15

eligible for a parole hearing after the inmate has served thirty years of the sentence." That the district court imposed twenty years of imprisonment with five years suspended—thus fifteen years of imprisonment—was clearly within its jurisdictional authority.

{22} Because the psychologist's recommendations do not bind the sentencing court and in this case—although discussed in the hearings below—are not part of the record, and because the sentence imposed was in full compliance with the CSA, we affirm Defendant's sentence.

## C. The District Court Properly Limited Defendant's Good-Time Credit Eligibility to Four Days per Month.

{23} Defendant argues that the district court abused its discretion by limiting his eligibility to earn good-time credit to no more than four days per month "because he demonstrated genuine remorse, took responsibility for his actions, and was shown to be amenable to rehabilitation." We disagree.

{24} The EMD provides "a detailed set of guidelines for both the courts and the corrections department to administer in the ultimate determination of a prisoner's eligibility for good time reductions from his period of confinement." *State v. Rudolfo*, 2008-NMSC-036, ¶ 35, 144 N.M. 305, 187 P.3d 170. Under the EMD, a prisoner serving a sentence of less than life imprisonment may be eligible to earn up to either

16

four or thirty days per month of time served. *See* § 33-2-34(A)(1)-(2), (G); *accord State v. Tafoya*, 2010-NMSC-019, ¶ 21, 148 N.M. 391, 237 P.3d 693 (holding that the district court has "discretion to award serious youthful offenders [sentenced to less than life imprisonment] good time credit eligibility within the existing framework of the EMD[], that is, zero, four or thirty days good time credit eligibility per month").

{25}     In this case, the district court initially was uncertain as to whether Defendant was eligible for more than four days of good-time credit per month. However, the parties agree that after briefing the district court on this issue the district court ultimately concluded that, under *Tafoya*, it had the discretion to impose the full range of credit eligibility allowed by the EMD. And, under *Tafoya*, the district court consciously exercised its discretion to allow only four days of good-time credit per month.

{26}     Defendant challenges the district court's decision as arbitrary because, he argues, the district court disregarded his amenability to rehabilitation. Under Defendant's theory, the district court's decision to require him to serve at least eighty-five percent of his sentence does not promote his rehabilitation and, therefore, is "a clear error of judgment." Defendant offers no authority to support his position other than *Tafoya's* assertion that inmate rehabilitation is the primary policy underlying good-time credit, 2010-NMSC-019, ¶ 19, and he argues in essence that the district

17

court abused its discretion because it did not impose the sentence he requested. Defendant's argument is insufficient to show that the district court abused its discretion. Further, the *Tafoya* holding clearly establishes "the explicit Legislative grant of discretion to the district court" to determine good-time credit eligibility for serious youthful offenders. *See* 2010-NMSC-019, ¶ 21. The district court properly applied that discretion in this case.

{27}     Accordingly, we affirm the district court's decision to limit Defendant's good-time credit eligibility to four days per month.

## V.     CONCLUSION

{28}     We affirm Defendant's conviction and sentence.

{29}     **IT IS SO ORDERED.**


_____
**CHARLES W. DANIELS, Justice**

**WE CONCUR:**


_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


_____
**BARBARA J. VIGIL, Justice**

19